UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Behning,<br><br>Plaintiff,<br><br>vs.<br><br>Firstsource Advantage, LLC, *a foreign limited liability company*,<br><br>Defendant. | Civil File No:_____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 *et seq* and Defendant's Breach of Contract.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff William Behning ("Plaintiff" or "Behning") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Firstsource Advantage, LLC ("Defendant" or "FA"), is a foreign limited liability company that operates as a debt collection agency from an address

of 205 Bryant Woods South, Amherst, New York 14228. FA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with American Express, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. The alleged financial obligation was transferred to Defendant for collection from Plaintiff sometime before September 2010.

9. On September 8, 2010, FA sent a letter to Plaintiff in an attempt to collect a debt and in connection with the collection of a debt.

10. In the letter dated September 8, 2010, FA wrote the following:

> In our telephone conversation today, you requested that our office fax you written confirmation of your agreement to settle the above account. This letter, therefore, confirms that, as settlement, you have agreed to make payment to this office in the amount of $2500.00 by 9-30-2010.
>
> See Exhibit 1.

11. On September 14, 2010, Plaintiff's attorney sent a letter directly to FA, which contained the settlement check for $2,500.00. *See* Exhibit 2.

12. FA received the settlement check for $2,500.00 and deposited the check at its financial institution. *See* Exhibit 3.

2

13. On June 27, 2012, FA communicated with Plaintiff via mail in an attempt to collect a debt and in connection with the collection of a debt when FA had actual knowledge that Plaintiff was represented by an attorney. *See* Exhibit 4.

14. In the letter dated June 27, 2012, FA was attempting to collect the same debt that Plaintiff had settled for $2,500.00. *See* Exhibit 4.

15. In the letter dated June 27, 2012, FA falsely stated that the balance of the debt was $6,259.99. *See* Exhibit 4.

16. FA violated 15 U.S.C. §§ 1692b(6), 1692c(a)(2), and 1692d because FA communicated with Plaintiff when FA had actual knowledge that Plaintiff was represented by an attorney.

17. FA violated 15 U.S.C. § 1692e(2)(A) because FA misrepresented the character and legal status of the debt.

18. FA violated 15 U.S.C. § 1692e(10) because FA employed false and deceptive means in an attempt to collect a debt.

19. FA violated 15 U.S.C. §§ 1692f, and 1692f(1) FA attempted to collect an amount not allowed by law or authorized by contract creating the agreement.

20. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety.

21. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Defendant's acts and omissions.

## **TRIAL BY JURY**

22. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

23. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

24. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

25. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### COUNT II.

## BREACH OF CONTRACT

28. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29. Defendant made an offer to Plaintiff.

30. Plaintiff accepted Defendant's offer.

31. Plaintiff fully performed according to the terms of Defendant's offer.

32. Defendant failed to honor the terms of the offer.

33. Defendant is in breach of contract.

34. The breach is material.

35. Plaintiff has incurred damages as a result of Defendant's material breach.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;
- For performance of contact; and
- For such other and further relief as may be just and proper.

Dated: October 15, 2012.                **MARSO AND MICHELSON, P.A.**

By:   s/Patrick L. Hayes
Patrick L. Hayes (0389869)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com